UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REESE LEVI KEITH, | ) |
|             Plaintiff, | ) |
|             v. | ) No. 1:20-cv-02740-JMS-TAB |
| MASON Cpt., | ) |
| JACKSON Lt., | ) |
| MCKINNEY Sgt., | ) |
| BAGIENSKI Lt., | ) |
| OFFICE OF WEXFORD, | ) |
| JANE DOE Unknown Nurse, | ) |
|             Defendants. | ) |

**Order Screening Complaint,
Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Indiana Department of Correction (IDOC) inmate Reese Levi Keith commenced this 42 U.S.C. § 1983 action on October 22, 2020. Dkt. 2. He has been granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee. Dkt. 7. The fee has been paid and the complaint is now ready for screening. Dkt. 8.

**I. Screening Legal Standard**

Because Mr. Keith is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("[a] plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis") (citing Fed. R. Civ. P. 8(a)(2)*; Bell Atl.,* 550 U.S. at 555). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

In his complaint, Mr. Keith names six defendants: (1) Cpt. Mason; (2) Lt. Jackson; (3) Sgt. McKinney; (4) Lt. Bagienski; (5) Office of Wexford; and (6) Unknown Nurse Jane Doe. He seeks compensatory damages. Dkt. 2.

The following allegations of fact are taken from Mr. Keith's complaint. On October 19, 2019, following a dispute about a conduct report, Mr. Keith was handcuffed behind his back. Capt. Mason took Mr. Keith's left arm, still handcuffed, and lifted it upward causing left shoulder pain. Capt. Mason held Mr. Keith's arm in this position while he led him out onto a walk, and after Mr. Keith decided to lie on his stomach, he was carried by both arms lifted up, still handcuffed, causing extreme pain. He was taken to the infirmary where officers still refused to loosen the handcuffs which were causing extreme pain. Mr. Keith was taken to a "suicide watch" cell, which caused him to repeatedly beat his head against the wall in protest. This resulted in Mr. Keith being pepper sprayed and re-handcuffed.

Mr. Keith was then placed face down on a gurney and a spit mask was placed over his head. When he requested that his pepper-spray soaked hair be pushed away from his eyes, his

request was ignored. Mr. Keith had trouble breathing and then passed out. When he awakened, medical staff refused to treat or photograph his injuries. A nurse performed a brief examination but declined to treat Mr. Keith further. Sgt. Dinkins said he would photograph and document the injuries, but he did not.

When he awakened the next day, Mr. Keith had an infection on his face. His wrists were lacerated and bruised. He repeatedly asked for medical attention but did not receive any.

On December 21, 2019, Mr. Keith asked Sgt. McKinney for medical attention but no medical attention was provided. Sgt. McKinney said Mr. Keith's facial issues were pimples. Mr. Keith's face still hurt and his wrists were still extremely bruised and had open wounds.

When Mr. Keith was gathering documentation about the incident, he learned that a "critical incident report" was not made, a failure he alleges to be a violation of IDOC policy.

### III. Discussion

Mr. Keith's complaint states an Eighth Amendment claim for excessive or unnecessary force against Cpt. Mason and an Eighth Amendment claim for deliberate indifference to serious medical needs against Sgt. McKinney that **shall proceed** as pled. Dkt. 2. The body of the complaint does not identify the other officers who took Mr. Keith from the cell area to the infirmary. *Id.* However, a review of the attachments to the complaint indicates those officers were Sgt. McKinney, Lt. Jackson, and Lt. Bagienski, who are each named in the caption of the complaint. Dkt. 10-1 at 10. An Eighth Amendment excessive or unnecessary force claim **shall proceed** as pled against these defendants. *See Lindell v. Huibregtse*, 205 F. App'x 446, 449 (7th Cir. 2006) (attachments to a complaint may be considered a part of the complaint itself); Fed. R. Civ. P. 10(c) (same).

No policy or practice claim, *see Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), is pled or can be liberally construed in the complaint against "Office of Wexford," which the Court understands to be the IDOC's medical contractor Wexford of Indiana, LLC. The complaint is **dismissed** against "Office of Wexford." Similarly, the complaint fails to state a claim at this time against defendant "Jane Doe, Unknown Nurse," and is **dismissed** against her. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted). Should Mr. Keith learn the names of any medical personnel who were deliberately indifferent to his serious medical needs arising out of the incident giving rise to this lawsuit, he may move to amend his complaint to add the defendants. However, such an amendment must be made timely to avoid undue delay to the resolution of this action and in time to avoid prejudice to the defendants. *See* Fed. R. Civ. P. 15(a). The **clerk is directed** to terminate as defendants "Office of Wexford" and "Jane Doe, Unknown Nurse."

These are all of the claims the Court discerns in Mr. Keith's complaint. If Mr. Keith believes the Court has overlooked a claim and/or defendant, he shall have through **January 7, 2021**, in which to file a motion to reconsider bringing such matters to the Court's attention.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Cpt. Mason, Lt. Jackson, Sgt. McKinney, and Lt. Bagienski in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2] (with attachments), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. Service on these defendants may be made electronically.

## V. Conclusion

The Court has screened Mr. Keith's complaint pursuant to 28 U.S.C. § 1915A and directed that Eighth Amendment claims shall proceed against defendants Cpt. Mason, Lt. Jackson, Sgt. McKinney, and Lt. Bagienski. The complaint is **dismissed** against defendants "Office of Wexford" and "Jane Doe, Unknown Nurse" and the **clerk is directed** to terminate these two defendants from the docket. The **clerk is directed** to electronically serve the remaining four defendants as directed in Section IV. Mr. Keith shall have through **January 7, 2021**, to notify the Court of any overlooked claim and/or defendant in a motion to reconsider.

The Court understands the four defendants to be employees of the IDOC. If any of the defendants are no longer IDOC employees or do not execute and file a waiver of service of summons, counsel for the defendants shall cause the IDOC to provide such defendants' last known address to the Court informally or by *ex parte* filing within thirty days of this Order.

**IT IS SO ORDERED**.

Date: 12/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Reese Levi Keith
220066
Pendleton Correctional Facility
Electronic Service Participant – Court Only

By electronic service to the Pendleton Correctional Facility:
    Cpt. Mason
    Lt. Jackson
    Sgt. McKinney
    Lt. Bagienski